Andrews Bros., for plaintiff in error.

C. P. and L. W. Wickham, for defendant in error.

---

### ARREST OF DEFENDANT IN ATTACHMENT PROCEEDINGS.

[Circuit Court of Lucas County.]

DANIEL D. THOMAS v. WILLIAM H. MANGUS.

Decided, January 25, 1904.

*Attachment—Arrest of the Defendant—Motion for a New Trial—Not Necessary for Review of the Judgment—On Motion to Dissolve Attachment or Discharge Defendant—Time for Filing Bill of Exceptions—Runs from Date of Judgment.*

1. No motion for a new trial is necessary to authorize a reviewing court to review the judgment of a trial court, on a motion to dissolve an attachment, or discharge a defendant from an order of arrest before judgment (8 C. C., 636, approved and followed).

2. If a motion for a new trial is filed in such case, the filing thereof will not affect the time when a bill of exceptions must be filed, but the forty days allowed by the statute (Section 5301) for such filing begins to run from the date of the judgment of the court on the motion to dissolve or discharge.

HULL, J.; HAYNES, J., and PARKER, J., concur.

This action was brought on a promissory note, and ancillary to the action an attachment was issued. No goods were found under the attachment, and, upon a proper showing being made, an order of arrest was issued before judgment, against defendant, and he was taken into custody as provided under the statute that he might be. A motion was afterwards filed to discharge defendant from arrest. This motion was sustained by the court of common pleas and the defendant discharged, and proceedings in error are prosecuted here by the plaintiff to re-

verse that judgment. Upon the motion to discharge the defendant from arrest, evidence was offered by way of affidavits and orally, and that was all embodied in the bill of exceptions which is before us. It is claimed that this action of the court of common pleas was against the weight of the evidence. A motion was made to strike off the bill of exceptions for the reason that it was not filed in time in the court below, that is, it was not filed within forty days after the date of the granting of the motion to discharge the attachment by the court of common pleas, but a motion for a new trial was filed by plaintiff asking for a re-hearing, and that was not overruled until March 2, and the bill of exceptions was filed within forty .days after the overruling of that motion for a new trial, and it is claimed by plaintiff in error that the forty days began to run from the time the court overruled his motion for a new trial, and that, therefore, he is within the statute. The bill of exceptions statute, the last one, which was passed October 22, 1902, provides, in Section 5301:

"The party excepting must reduce his exceptions to writing and file the same in the cause within forty days after the overruling of the motion for a new trial, or the decision of the court, where a motion for a new trial is not filed; thereupon the clerk shall forthwith notify the adverse party, or his attorney, of the filing of such bill."

The motion for a new trial, according to the record, was not filed until four days after the order had been made; but it is claimed that a Sunday intervened and that that day should not be counted. And it is claimed by the plaintiff in error that a motion for a new trial was not necessary. But that claim is a two-edged sword for the plaintiff, for, if the motion, for a new trial was not necessary, then the time of the filing of the bill of exceptions would be governed by the same rule as where no motion for a new trial is in fact filed. If a motion for a new trial is not necessary, then the filing of such motion would not extend the time for the filing of a bill of exceptions, but the forty days would begin to run from the time of the order of the court, the statute providing for the filing "within forty days after the overruling of the motion for a new trial, or the deci-

sion of the court where a motion for a new trial is not filed;"
the statute does not say where a motion for a new trial is not
necessary, but says "where a motion for a new trial is not
filed." But if a motion for a new trial is filed where it is not
necessary and is not required, it would not affect the running
of the forty days or the time at which the forty days would
begin to run. That a motion for a new trial in such a case is
not necessary, we think is clear. In 56 O. S., 148 (*Minnera* v.
*Holloway*), it is suggested that a motion for a new trial in such
a case is probably not necessary. It was not squarely passed
upon by the Supreme Court—as it was unnecessary to do so—
but they say in the opinion:

"As new trials are only granted in proceedings in which
there are issues of fact (Section 5305), what is said above about
remanding cases for a new trial after reversing on the weight
of the evidence, can not apply to orders and judgments made on
hearings on affidavits or evidence, for injunctions, or for the
vacation of an injunction, or the dissolution of an attachment,
or motions for the appointment or discharge of receivers, or
motions for the vacation of an order of arrest in a civil action
and other like motions and proceedings in which no issues of
fact are made up by pleadings, and there is no trial in the legal
sense of the term."

In the paragraph before this, in the opinion, Judge Burket,
who delivered the opinion, says:

"In such cases the reversal by the higher court should not be
on the ground that the verdict or judgment below was against
the weight of the evidence, but that it was contrary to law,
that is, that the court below erred in applying the law to such
conceded facts. The motion for a new trial in such case, if such
motion is necessary, should be upon the ground that the verdict
or decision is contrary to law."

As stated by the Supreme Court in this case, where the ac-
tion of the lower court in such case is reversed, the case does not
go back for a new trial as where there has been a trial upon issues
of fact set forth in the pleadings, but the judgment is reversed
and the court of common pleas is directed to enter the judg-
ment that the reviewing court holds should have been entered.
If an attachment has been discharged, if the reviewing court
holds that that is against the evidence and against the law upon

the showing made, the case is sent back and the common pleas court is ordered to overrule the motion to discharge the attachment.

The Circuit Court of Cuyahoga County has held expressly that a motion for a new trial is not necessary in such a case, 8 Circuit Court Reports, 636 (*Stone, Assignee,* v. *Bank*) :

"No motion for a new trial is necessary to authorize a reviewing court to review the judgment of the trial court upon a motion to dissolve an attachment, although the weight of the evidence is involved."

The opinion was delivered by Judge Hale, and he says (page 639) :

"It is said, first, that this question can not be reviewed in this court, because no motion for a new trial was made on the overruling of this motion. This is not an open question in this court. We hold that a motion for a new trial is not necessary to authorize this court to review the facts upon which the court below determined the motion.

"Section 5305, of the Revised Statutes, defines the causes for which new trial will be granted. The first clause of this section reads : 'A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury, report of a referee or master, or a decision by the court.'

"Section 5127, of the Revised Statutes, defines an issue : 'Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other.'

"We have held and now hold, that no issue of the kind here defined arises upon a motion to dissolve an attachment, and therefore a motion for a new trial is unnecessary."

We think this is the law, and an order of arrest before judgment is an attachment of the person and subject to the same rule as when property is attached. So that when the court of common pleas granted the motion to discharge the order of arrest in this case, no motion for a new trial was necessary on the part of the plaintiff below to prosecute his proceeding in error in this court to review on the ground that the order of the court was against the evidence, and it seems clear to us that the time within which he must file his bill of exceptions must date from the time of the order of the court of common pleas sustaining the motion to discharge the defendant from the ar-

rest. That order was made on the 22d day of January, 1903. The bill of exceptions was filed on the 11th of April following, being 79 days after the date of the order and judgment of the court discharging the defendant.

The motion to strike the bill of exceptions from the files must be sustained; it not having been filed until a long time after the forty days had expired. This is fatal and this court has no jurisdiction to review the case upon the facts. There being no question raised in the case except as shown by the bill of exceptions—the weight of the evidence—it follows that the judgment of the court of common pleas must be affirmed.

*Paddock & Johnson,* for plaintiff in error.

*Schunck & Thompson,* for defendant in error.